Lori A. Patrick, Esq. (LP7342)
**COUGHLIN DUFFY LLP**
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058
*Attorneys for Plaintiff William Neumann*
*d/b/a William Neumann Photography*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM NEUMANN an individual d/b/a WILLIAM NEUMANN PHOTOGRAPHY,<br><br>Plaintiffs,<br><br>vs<br><br>BARRISTER HOME CONSTRUCTION INC., a New Jersey Corporation, BARRISTER LAND DEVELOPMENT CORP., New Jersey Corporation, and ADINC/J. KAPLAN ADVERTISING, a New Jersey Corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.<br><br><br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, UNJUST ENRICHMENT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, William Neumann d/b/a William Neumann Photography (herein after referred to as "Plaintiff" or "Neumann") by way of Complaint says:

### NATURE OF ACTION

1. This action arises out of defendants' deliberate, unauthorized use and dissemination of Plaintiff's registered copyrighted photographs and images (hereinafter collectively referred to as "Photographs") and breach of contract. As alleged in greater detail below, Plaintiff seeks damages and injunctive relief against defendants for their willful and unlawful activities.

### IDENTITY OF THE PARTIES

2. Plaintiff, William Neumann is an individual who does business under the trade name

William Neumann Photography. His place of business is located at 96 Carmita Avenue, Rutherford, New Jersey and he resides at the same location.

3.  Defendant, Barrister Home Construction, Inc. is in the business of constructing and selling large residential homes.

4.  Upon information and belief, Barrister Home Construction, Inc. ("Barrister Construction") is a corporation registered to do business in New Jersey and its corporate address is 214 Deepbrook Road, Wyckoff, New Jersey 07481.

5.  Defendant, Barrister Land Development Corp. ("Barrister Land") is in the business of constructing and selling large residential homes.

6.  Upon information and belief, Barrister Land is a corporation registered to do business in New Jersey and its corporate address is 214 Deep Brook Road, Wyckoff, New Jersey 07481.

7.  Defendant ADINC/J. Kaplan Advertising ("Kaplan") is a corporation that is in the business of creating and maintaining business websites for third-parties. It also provides internet advertising and other types of advertising.

8.  Upon information and belief, Kaplan is a corporation registered to do business in New Jersey and its corporate address is 639 Teaneck Road, Suite 3, Teaneck, New Jersey 07666.

**JURISDICTION AND VENUE**

9.  This is an action for copyright infringement under the Copyright Act of 1976, as amended, Title 17 U.S.C. §§ 101 et seq. ("Copyright Act"), and violations of the Digital Millennium Copyright Act amended, Title 17 U.S.C. §§ 1201 seq. ("DMCA"), breach of contract and unjust enrichment under the laws of the State of New Jersey.

10. Jurisdiction and venue is proper in this Court based upon the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., 15 U.S.C. § 1121 and under the Judicial Code of the United States, 28 U.S.C. §1331 and §1338(b).

11. This Court has supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. § 1367.

12. This Court also has personal jurisdiction over defendants, Barrister Land, Barrister Construction and Kaplan based on, inter alia, their continuous and systematic contacts with the State of New Jersey, including the presence of their corporate offices during the time that defendants engaged in their unlawful misconduct as alleged herein.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (d) because defendants, Barrister Land, Barrister Construction and Kaplan were located in this District during a substantial time that defendants engaged in their misconduct herein, defendants Barrister Land, Barrister Construction and Kaplan conducted business in this District and a substantial part of the events giving rise to the claim occurred in this District.

## FACTS AND ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    Plaintiff's creation and registration of his copyright protected works**

14. Plaintiff William Neumann, has been a professional photographer for over 25 years.

15. He has significant education and experience in preparing lighting, choosing angles, and selecting the composition of his photographs.

16. In about September-October 2011, Barrister Construction, and/or Barrister Land (collectively referred to as "Barrister") contracted with Mr. Neumann to take photographs of various properties where Barrister constructed or remodeled residences.

17. The purpose of these photographs was for Barrister to use them on its website, WWW.BARRISTERHOME.COM ("Website"), and in other marketing and advertising materials in digital and hard copy forms.

18. In October 2011, Mr. Neumann took more than 156 original photographs ("Photographs" or "Collection"), of the properties selected by Barrister.

19. Mr. Neumann used his extensive experience in photography to select the composition of the photographs, time of day for the shots, the lighting, the positioning, and angle of the camera for both interior and exterior pictures.

20. Each photograph contained in the Collection contains copyright management information and access control meta data which indicates that the each photograph is copyright protected and the exclusive property of Neumann.

**B. Defendant's Infringement of Mr. Neumann's Photographs**

21. On about October 27, 2011, Mr. Neumann presented fully finished high resolution digital copies of 156 Photographs on DVD/CD to his contact at Barrister, Corinne McKenna, along with his invoice (payment due on receipt) ("Invoice") (**Exhibit A**).

22. The Invoice terms clearly stated that Barrister has no license or rights to use, for any reason, Photographs until Mr. Neumann has received payment in full for his services.

23. The Photographs were registered with the United States Copyright Office, Reg. No. VAu001096505 as of March 3, 2012 (**Exhibit B**).

24. Barrister never paid for the photographs as required by the invoice.

25. Despite Mr. Neumann having received no payment for his services, upon information and belief, Barrister, contracted with Kaplan for website design services and advertising services.

26. Kaplan and Barrister placed at least twenty (20) Photographs on the Website.

27. Upon information and belief, Kaplan and Barrister removed the copyright management information and access control meta data.

28. Mr. Neumann has contacted Barrister numerous times, both by himself and by an attorney, requesting payment of the Invoice and reiterating that neither Barrister nor Kaplan can use any of the Photographs until he has received full payment.

29. Similarly, Mr. Neumann has contacted Kaplan numerous times requesting removal of the Photographs from the Website and reiterating that neither Barrister nor Kaplan can use any of the Photographs until he has received full payment.

30. Upon information and belief, to date, Barrister and Kaplan continue to use and/or prominently display various Photographs on the Website.

31. Barrister and Kaplan have known or should have known that the Photographs are registered with the Copyright Office and are protected by Untied States Copyright laws from illegal reproduction, distribution and public display.

32. Barrister and Kaplan negligently and intentionally, violated Neumann's copyright rights by illegally removing copyright management information and access control meta data.

33. Barrister and Kaplan negligently and intentionally, violated Neumann's copyright rights by illegally copying, displaying, distributing and participating in other violations of the Copyright Act and the DMCA.

## CLAIMS FOR RELIEF
## COUNT I – COPYRIGHT INFRINGEMENT

34. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 33 set forth above as if fully set forth herein.

35.     Plaintiff holds a valid and exclusive registered copyright to the Photographs that are the subject of this action and that are evidenced by the copyright registration certificate attached hereto as Exhibit B.

36.     Upon information and belief, defendants, without permission or consent of Plaintiff, have reproduced, distributed, and displayed those Photographs without Plaintiff's authorization.

37.     The actions and conduct by defendants that is described above infringes upon the exclusive rights of Plaintiff granted by Section 106 of the Copyright Act, 17 U.S.C. § 106, to display, reproduce, and distribute the copyrighted works to the public.

38.     Upon information and belief, defendants have infringed directly and indirectly Plaintiff's exclusive rights in the registered works.

39.     Defendant's acts of infringement were negligent, and/or willful, intentional and deliberate. Defendant's actions were in a callous and wanton disregard of, and with reckless indifference to Plaintiff's copyrights.

40.     Such actions by defendants constitute copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501.

41.     As a direct and proximate result of defendant's copyright infringement, Plaintiff is entitled to the maximum relief provided by 17 U.S.C. § 504, and to his attorney fees and costs pursuant to 17 U.S.C.§ 505.

42.     As a result of the conduct described above, Plaintiff is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs, attorneys' fees and prejudgment interest.

## COUNT II – DMCA VIOLATION.

43. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 42 set forth above as if fully set forth herein.

44. All of Plaintiff's Photographs that are the subject of this lawsuit were created with corresponding copyright management information ("CMI").

45. Upon information and belief, when defendants duplicated and displayed the subject images on the Websites, they removed the CMI from each of the Plaintiff's Photographs.

46. Upon information and belief, when defendants duplicated and displayed the Photographs, they knew or should have known that the CMI had been removed or altered without the authority of Plaintiff.

47. The removal of the CMI from each of the Photographs in order to induce, enable, facilitate or conceal defendants' infringement of those Photographs, as described above, constitutes a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b),

48. As a result of the conduct described above, Plaintiff is entitled to relief including but not limited to injunctive relief, actual or statutory damages, statutory costs, attorneys' fees and prejudgment interest.

## COUNT III– BREACH OF CONTRACT

49. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 48 set forth above as if fully set forth herein.

50. Defendants contracted with plaintiff to create content for a website for Barrister.

51. Barrister promised Plaintiff payment for his photographs in the amount of three thousand, eight hundred seventy-eight dollars and seventy-five cents ($3,878.75).

52. Defendants failed to pay for the Photographs prior to using them.

53. Defendants failed to ever pay for the Photographs in full.

54. All defendants benefited from the Photographs created by Plaintiff.

55. Defendants breached the contract with Plaintiff.

56. Said breach has and will continue to cause Plaintiff damages as a result of lost profits, costs and attorney's fees in this action.

## COUNT IV- UNJUST ENRICHMENT

57. Plaintiff incorporates its responses to Paragraphs 1 through 56 above as if fully set forth herein.

58. Defendants contracted with plaintiff to create content for a website for Barrister.

59. Barrister promised Plaintiff payment for his photographs in the amount of three thousand, eight hundred seventy-eight dollars and seventy-five cents ($3,878.75).

60. Defendants failed to pay for the Photographs prior to using them.

61. Defendants failed to pay for the Photographs in full.

62. All defendants benefited from the Photographs created by Plaintiff.

63. Defendants failed to pay any compensation to Plaintiff.

64. Defendants were unjustly enriched by Plaintiff's efforts and Plaintiff is entitled to judgment against Defendants.

**WHEREFORE,** Plaintiff demands judgment in his favor and against defendants as follows:

a. For an order permanently enjoining defendants from infringing Plaintiff's copyrights Photographs pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502 and permanently enjoining defendants from displaying Plaintiff's copyrighted Photographs pursuant to the DMCA, 17 U.S.C. §1203(b);

  b. For an award permanently enjoining defendants, their officers, directors, agents, servants, employees, attorneys, successors and assigns, and all persons acting for in concert or participation with them, from:

   i. Using or registering and of the Photographs;

   ii. Representing directly or indirectly, in any form or manner whatsoever, that any products or services offered for distribution or sale by Defendants are related to, affiliated with, approved by or sponsored by Plaintiff;

   iii. Using the Photographs in anyway whatsoever in any advertising or in connection with any website or web search engine;

  c. For an award permanently enjoining defendants, their officers, directors, agents, servants, employees, attorneys, successors and assigns, and all persons acting for in active concert or participation with them, be required to deliver up for destruction any and all products, literature, forms, promotional materials, prints, advertising matter, circulars, stationary, labels, tags, wrappers, packaging, plates, stencils, signs and other materials used in the preparation thereof, bearing the infringing photographs;

  d. For an award of defendants' profits and for damages in such amount as may be found, or for statutory damages of (a) and amount up to $150,000 per Photograph pursuant to 17 U.S.C. 504 (c)(2), and (b) an amount not less than $2,500 or no more than $25,000 per Photograph pursuant to 17 U.S.C. § 1203(c)(3)(B);

  e. For an award of costs, pursuant to 17 U.S.C. Sections 505 and 1203(b)(4);

  f. For an award of reasonable attorneys' fees, pursuant to 17 U.S.C. Section 505 and 1203(b)(5);

  g. Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty days (30) after entry of injunction (either preliminary or permanent), a report in writing and under oath, setting forth in detail the manner in which Defendants have complied with said judgment; and

  h. The Court grant Plaintiff with such other and further relief as the interests of justice may require.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff, William Neumann d/b/a William Neumann Photography hereby designates Lori A. Patrick, Esq. as trial counsel.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all claims alleged herein.

            **COUGHLIN DUFFY LLP**
            *Attorneys for Plaintiff*

        By: /s/ Lori A. Patrick
           Lori A. Patrick, Esq.

Dated: October 24, 2014

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, the undersigned member of this bar of this Court hereby certifies that the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding, and none is contemplated.

            **COUGHLIN DUFFY LLP**
            *Attorneys for Plaintiff*

        By: /s/ Lori A. Patrick
           Lori A. Patrick, Esq.

Dated: October 24, 2014

# EXHIBIT A



# WILLIAM NEUMANN
## PHOTOGRAPHY
96 CARMITA AVE. • RUTHERFORD, NEW JERSEY 07070 • (201) 939-0370

| INVOICE # | 31630 |
|---|---|
| DATE | 10/28/2011 |

**BILL TO**
Barrister Home Construction
attn: Corrine McKenna
648 Wyckoff Ave
Wyckoff, NJ 07481

**MATERIALS DELIVERED TO CLIENT:**
Digital files

**USAGE AS DESCRIBED:**

| DESCRIPTION | RATE | AMOUNT |
|---|---|---|
| Photographic fee for exterior front and rear elevations of Seven Barrister Homes on Sleepy Hollow Lane delivered in high resolution digital TIF files released for use in marketing, documentation, editorial submission in print and web. Delivered on CD Volume B | 250.00 | 1,750.00T |
| Photographic fee for exterior front and rear elevations of Five Barrister Homes on Sleepy Hollow Lane delivered in high resolution digital TIF files released for use in marketing, documentation, editorial submission in print and web. Delivered on CD Volume A | 250.00 | 1,250.00T |
| Photographic fee for exterior front elevations of Five Barrister TownHomes in Wyckoff, NJ delivered in high resolution digital TIF files released for use in marketing, documentation, editorial submission in print and web. Delivered on CD Volume B | 125.00 | 625.00T |
| Please use Tax ID # 22-2597882 for William Neumann Photography Sales Tax | 7.00% | 253.75 |

Please use Tax ID # 22-2597882 for William Neumann Photography

All rights reserved unless released. No righs released unless paid for in full. All materials remain property of William Neumann Photography. Please see otherside for any additional details. Our Tax ID # 22-2597882

**Total** $3,878.75

NEW YORK STUDIO • 873 BROADWAY ROOM 605 • NEW YORK, NY 10003
TELEPHONE 212 254 0669 • FAX 212 228 1880 • E mail fotogbill@aol.com

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-096-505**

**Effective date of registration:**

March 13, 2012

## Title

Title of Work: Images Delivered to Barrister Home Construction

## Completion/Publication

Year of Completion: 2011

## Author

- Author: William Neumann
- Author Created: photograph(s)
- Work made for hire: No
- Citizen of: United States
- Domiciled in: United States
- Year Born: 1954

## Copyright claimant

Copyright Claimant: William Neumann
96 Carmita, Rutherford, NJ, 07070, United States

## Rights and Permissions

- Name: William Neumann
- Email: fotogbill@aol.com
- Telephone: 201-939-0370
- Address: 96 Carmita
  Rutherford, NJ 07070

## Certification

- Name: William Neumann
- Date: March 13, 2012

Page 1 of 1